# EXHIBIT "A"

Filed
12/16/2019 9:53 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

IN THE COUNTY COURT
OF NUECES COUNTY, TEXAS
COUNTY COURT AT LAW NO. ___

| | |
|---|---|
| Mariana Sanchez, § § | |
| Plaintiff, § § | |
| v. § | Cause No. 2019CCV-62107-2 |
| § | |
| Walmart Inc. § | |
| Wal-Mart Stores Texas, LLC, and § | |
| Wal-Mart Real Estate Business Trust, § § | |
| Defendants § | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Mariana Sanchez ("Plaintiff"), by and through undersigned counsel, complain of and about Defendants Walmart Inc., Wal-Mart Stores Texas, LLC, and Wal-Mart Real Estate Business Trust (collectively "Defendants") and for causes of action shows unto the Court as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### PARTIES

2. Plaintiff is an individual who at all times relevant to this action resided in Nueces County, Texas. Plaintiff's Texas driver's license number is XXXXX575, and her Social Security Number is XXX-XX-X947.

3. Defendant Walmart Inc. ("Walmart Inc.") is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Arkansas, and doing

business in the State of Texas. Walmart Inc. may be served with process by serving its registered agent, CT Corporation System, via private process server at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Defendant Wal-Mart Stores Texas, LLC ("Wal-Mart Stores Texas, LLC") is a foreign limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Arkansas, and doing business in the State of Texas. Wal-Mart Stores Texas, LLC may be served with process by serving its registered agent, CT Corporation System, via private process server at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5. Defendant Wal-Mart Real Estate Business Trust ("Wal-Mart Real Estate Business Trust") is a foreign statutory trust organized under the laws of the State of Delaware, with its principal place of business in the State of Arkansas, and doing business in the State of Texas. Wal-Mart Real Estate Business Trust may be served with process by serving its registered agent, CT Corporation System, via private process server at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to Article V, Section 16 of the Texas Constitution and Section 25.1802 of the Texas Government Code.

7. This Court has jurisdiction over the non-resident defendants named herein pursuant to Title 2, Subtitle B, Chapter 17, Subchapter C of the Texas Civil Practice and Remedies code because said defendants were doing business in the State of Texas.

8. This Court is an appropriate venue because the incident which forms the basis of this lawsuit occurred in Corpus Christi, Nueces County, Texas. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

## BACKGROUND

9. As of July 26, 2019, Wal-Mart Real Estate Business Trust owned the Walmart retail store located at 4109 South Staples Street, Corpus Christi, Nueces County, Texas 78411 ("Store #1494") and leased it to Wal-Mart Stores Texas, LLC, the store operator.

10. On July 26, 2019, Plaintiff entered Store #1494 to shop for groceries. While shopping for groceries, Plaintiff entered the fresh produce department.

11. Plaintiff walked onto a black floormat in front of a produce display. Unbeknownst to Plaintiff, water had leaked from the produce display onto the ground, soaking the floormat.

12. When Plaintiff stepped from the floormat onto the gray concrete flooring, she slipped and fell on water that had seeped out from under the floormat.

13. As a result of the accident, Plaintiff suffered severe bodily injuries to her lower back and left knee.

## COUNT 1:
## PREMISES LIABILITY

14. Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff hereby adopts the allegations made in all preceding paragraphs of this Original Petition as if fully set forth herein.

15. At the time of the accident, Wal-Mart Real Estate Business Trust owned Store #1494 and therefore owed a duty to make and keep the premises reasonably safe for business invitees, including customers like Plaintiff.

16. In addition and in the alternative, at the time of the accident, Wal-Mart Stores Texas, LLC exercised day-to-day operational control over Store #1494 and therefore owed a duty to make and keep the premises reasonably safe for business invitees, including customers like Plaintiff.

17. In addition and in the alternative, at the time of the accident, Walmart Inc. had a contractual right to exercise day-to-day operational control over Store #1494 and therefore owed a duty to

3

make and keep the premises reasonably safe for business invitees, including customers like Plaintiff.

18. Defendants' produce display leaked water onto the ground in the produce department, soaking the floormat in water and causing water to seep out from underneath it.

19. Defendants' water-soaked floormat was an unreasonably dangerous condition because it created a slip-and-fall risk that was difficult for customers to see and which customers would not expect to encounter.

20. Defendants should have known about the water-soaked floormat because their employees were tasked with performing routine inspections of the floors and displays in the produce department.

21. In addition and in the alternative, Defendants should have known about the water-soaked floormat because their employees walked on the floormat throughout the day to stock produce.

22. Despite having notice of the water-soaked floormat, Defendants failed to act reasonably to make and keep their premises reasonably safe, breaching their duty to Plaintiff in one or more the following respects:

   a. Failing to perform routine inspections of the floors in the produce department;

   b. Failing to perform routine inspections of the displays in the produce department;

   c. Failing to perform routine maintenance on the displays in the produce department;

   d. Failing to remove the floormat when it became soaked with water;

   e. Failing to dry the floormat with fans when it became soaked with water;

   f. Failing to place signs near the floormat to warn about the wet floor;

   g. Failing to give verbal warnings to customers about the wet floor; and

   h. Allowing water from the produce display to accumulate on the floormat.

23. Each of the aforementioned acts and omissions, taken singularly or in any combination, directly and proximately caused Plaintiff's damages. Plaintiff's slip-and-fall accident was a reasonably foreseeable result of Defendants' failure to make and keep safe the floors and displays in the produce department.

## COUNT 2:
## VICARIOUS LIABILITY

24. Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff hereby adopts the allegations made in all preceding paragraphs of this Original Petition as if fully set forth herein.

25. On the date of Plaintiff's accident, Defendants' employees were present at Store #1494 and were performing work for Defendants' benefit.

26. According to the doctrine of *respondeat superior*, any liability found against Defendants' employees should be imputed jointly and severally to Defendants.

## COUNT 3:
## ALTER EGO LIABILITY

27. Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff hereby adopts the allegations made in all preceding paragraphs of this Original Petition as if fully set forth herein.

28. Walmart Inc. owned and operated Wal-Mart Stores Texas, LLC and Wal-Mart Real Estate Business Trust as corporate alter egos for itself.

29. Walmart Inc., through its affiliates and subsidiaries, had a contractual right to control, and did in fact control, the day-to-day operations of Wal-Mart Stores Texas, LLC and Wal-Mart Real Estate Business Trust.

30. According to the alter ego theory, any liability found against Wal-Mart Stores Texas, LLC or Wal-Mart Real Estate Business Trust should be imputed jointly and severally to Walmart Inc.

## DAMAGES

31. As a producing, direct, and proximate result of Defendants' negligent conduct, Plaintiff suffered the following damages:

    a. Past and future medical expenses;

    b. Past and future loss of earning capacity;

    c. Past and future physical impairment;

    d. Past and future physical pain and suffering; and

    e. Past and future mental anguish.

32. The damages sought by Plaintiff are within the jurisdictional limits of this Court.

33. Plaintiff seeks monetary relief over $1,000,000.00.

## JURY DEMAND

34. Plaintiff hereby requests a trial by jury on all issues of fact in this action and herewith tenders the jury fee.

## CONDITIONS PRECEDENT

35. All conditions precedent to the institution of this lawsuit have been performed or have occurred.

## NOTICE OF INTENT TO USE PRODUCED DOCUMENTS

36. Plaintiff intends to use all documents produced by Defendants in response to written discovery against Defendants in pretrial proceedings and at trial.

## REQUEST FOR NOTICE OF INTENT TO USE EVIDENCE OF CRIMINAL CONVICTIONS

37. Plaintiff requests that, within ninety days before the end of the discovery period, Defendants provide written notice of their intent to use evidence of a criminal conviction, if any, against Plaintiff or against any of Plaintiff's testifying experts.

## PRAYER FOR RELIEF

38. Based upon the foregoing allegations, Plaintiff requests that Defendants be cited to appear and answer and that, upon final trial or other disposition of this matter, the Court enter judgment against Defendants for all damages and relief requested herein, together with pre-judgment interest at the maximum legal rate until the date of judgment, post-judgment interest at the maximum legal rate until the date the judgment is paid, costs of court, and all other relief to which Plaintiff is entitled.

Respectfully submitted,

**THE PATEL FIRM PLLC**
1129 Airline Rd.
Corpus Christi, TX 78412
(361) 400-2036 - Phone
(361) 756-0737 - Fax

By: _____
Justin P. Green
justin@thepatelfirm.com
State Bar No. 24087621
Minesh J. Patel
minesh@thepatelfirm.com
State Bar No. 24088194

ATTORNEYS FOR PLAINTIFF